**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| HOUSTON BYRD, JR.,<br><br>Petitioner<br><br>v.<br><br>JEFFREY A. MANNING, *Court of Common Pleas of Allegheny County*,<br><br>Respondent. | ) | No. 2:17-CV-01538<br><br>District Judge David Cercone<br>Magistrate Judge Lisa Pupo Lenihan |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that Petitioner's Petition, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted and because this court lacks subject matter jurisdiction over this action.

## II. REPORT

Petitioner, proceeding *pro se*, filed this action in the Eastern District of Pennsylvania, seeking an order directing the Court of Common Pleas of Allegheny County, specifically Judge Jeffrey Manning, to enter a default judgment against a defendant in a medical malpractice action before that court, and also to award damages, etc. relating to the medical malpractice case. The court for the Eastern District of Pennsylvania granted Petitioner's motion for leave to proceed in forma pauperis ("IFP") and transferred the case to this court. Service has not been made.

### A. Legal Standards

The court must liberally construe the factual allegations of Plaintiff/Petitioner's Complaint or Petition because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff/Petitioner's Complaint or Petition in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although the claims do not arise from an incarceration, the amendments to the PLRA codified as 28 U.S.C. §1915 apply to non-incarcerated individuals who have been granted *in forma pauperis* ("IFP") status. See Powell v. Hoover, 956 F. Supp. 564, 566 (M.D.Pa. 1997) (holding that federal *in forma pauperis* statute is not limited to prisoner suits); Floyd v. United States Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997) (holding that non-prisoners have the option to proceed *in forma pauperis*), superseded on other grounds by Callahan v. Schenider, 178 F.3d 800 (6th Cir. 1997). Pursuant to 28 U.S.C. §1915(a), Petitioner is eligible for and has been granted leave to proceed *in forma pauperis*. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e).

Pertinent to the case at bar is the authority granted to federal courts for the *sua sponte* dismissal of claims in IFP proceedings. Specifically, Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hawkins v. Coleman Hall, C.C.F., 453 F. App'x 208, 210 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing Neitzke, supra). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" O'Neal v. Remus, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting Price v. Heyrman, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing Neitzke, 490 U.S. at 327)).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." Neitzke, 490 U.S. at 328 (footnote omitted).

**B. Petitioner's Claims**

Petitioner, proceeding *pro se*, filed this action that he called "Petition Due to Violation of Civil and Constitutional Rights and Non Compliance to Rules of Court Re: Trial Case No. GD-16-005747 and Complaint No. 2017-191 against Allegheny Common Pleas Court Judge Jeffrey

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)).

A. Manning." The Eastern District interpreted the pleading as a Petition for a Writ of Mandamus (ECF No. 4), which this Court agrees with and it will be analyzed on that basis. The Petition avers that a notice to sue was served on the defendants in the underlying Common Pleas Court case in January 2016 and no response has been received. Petitioner avers that he filed a praecipe for default and a "Motion for Findings" but no response has been received from the court. He concludes by asking this Court to mandate the trial court to address the Motion for default Judgment.

Petitioner avers that the federal court has jurisdiction over this matter pursuant to Article 1 of the Pennsylvania Constitution, the 14th amendment of the United States Constitution and 28 U.S.C. §1331 and 1332, diversity of citizenship.

## C. Discussion

### 1. Jurisdiction

The court has an obligation to ensure that it has subject matter jurisdiction over any controversy before it. Lance v. Coffman, 549 U.S. 437, 439 (2007) (citing Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94-95 (1998)). If, at any time, the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331. Unfortunately for Petitioner, his statement that this Court has jurisdiction is not sufficient to make it so. Article III of the Constitution sets forth the subjects of the federal courts' jurisdiction:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to

> Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

Const. Art. III §2, cl. 1. Clearly, Article III does not vest a federal district court with the power to order the relief requested by Petitioner—Ordering a state trial court to take action on a case.

There is nothing in the Pennsylvania constitution that would give this Court jurisdiction over the state courts. The case does not present a federal question so §1331 does not apply. Diversity of citizenship §1332 requires that the parties are citizens of different states and that the amount in controversy exceeds $75,000. This case does involve citizens of different state but the Court has no way of knowing whether it meets the monetary threshold.

In addition, Petitioner is seeking direct review by a federal district court of the actions or inactions of the Pennsylvania courts prior to the commencement of this federal action. As such, Plaintiff's claim is barred by the Rooker-Feldman doctrine, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). What is readily apparent is the fact that petitioner is in the wrong court. This court does not sit as a super Pennsylvania appellate court to review state court decisions by disgruntled litigants. Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Robinson v. Porges, 2010 WL 2181697 (3d Cir).

**2. Mandamus**

Assuming the Court did have jurisdiction, the requirements for a Petition for Mandamus are not met. The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief that must comply with demanding legal standards. Thus, it is well-settled that the "'writ is a drastic remedy that 'is seldom issued and its use is discouraged.''" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988))). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003) (citations omitted). Second, a petitioner must show that his right to the writ is clear and indisputable. Id. Mandamus is an extraordinary remedy that can only be granted where a legal duty "'is positively commanded and so plainly prescribed as to be free from doubt.'" Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), rev'd on other grounds, 418 U.S. 166 (1974)). It is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). "[O]nly 'exceptional circumstances amounting to a judicial 'usurpation of power'' will justify issuance of the writ." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (citations omitted). "[T]he party seeking mandamus has the 'burden of showing that its right to issuance of the writ is 'clear and

indisputable.''" Id. (citations omitted). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus is not appropriate.

In this case, Petitioner seeks to have this Court order the Court of Common Pleas of Allegheny County to take certain action in a lawsuit he has filed there. This action is really a challenge to a ruling or lack of ruling of a state court. The proper course of action is to file a motion in that court and, if Petitioner is not satisfied with the result, to file an appropriate appeal in the state court system. It is not appropriate to come into federal court for this purpose and not the proper use of a writ of mandamus. Petitioner has other adequate means to pursue his remedy, he has not exhausted all other avenues of relief and the Court has no idea, without reviewing the docket from the common pleas case, whether his right to the writ is clear and undisputed, although that is highly doubtful.

### 3. Leave to Amend Complaint Would Be Futile

This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). It is not clear that this is a civil rights case; however, given this Court's lack of subject matter jurisdiction, it would be futile to allow Petitioner leave to amend.

## D. Conclusion

For the reasons set forth above, it is respectfully recommended that this Petition, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C.

§1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted, and, most importantly, because this court lacks subject matter jurisdiction over this action.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

DATED this 11th day of December, 2017

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: **HOUSTON BYRD, JR.**
241 N. 10TH ST.
NEWARK, OH 4305